# Roberts & Moritz, Appellants, *v.* Fickler.

*Practice, C. P.—Examination of witnesses—Answer not responsive—Motion to strike out—Assignments of error.*

Where a witness answers an entirely unobjectionable question in a manner which may not be responsive, the proper remedy is to move to strike out the answer. Its admission does not necessarily constitute reversible error.

It is entirely proper to allow a defendant, who is also a witness, to be recalled for the purpose of further examination on a matter to which his previous testimony did not refer.

An assignment of error, directed to the charge of the court, to which an exception has not been taken, will not be considered on appeal.

238 ROBERTS & MORITZ, Appellants, v. FICKLER.

Argued October 11, 1920. Appeal, No. 53, Oct. T., 1920, by plaintiffs, from judgment of Municipal Court of Philadelphia, June T., 1919, No. 158, on verdict for defendant in the case of B. F. Roberts and I. M. Moritz, copartners, trading as Roberts Embroidery Company, v. Joseph Fickler, trading as Joseph Fickler & Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for services rendered. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of defendant for $147.25 and judgment thereon. Plaintiffs appeal.

*Errors' assigned* were various rulings on evidence and refusal to direct a verdict in favor of the plaintiffs.

*Ashton Locke Worrall*, for appellant.

*Arthur F. Schneider*, for appellee.

OPINION BY PORTER, J., March 5, 1921:

The plaintiff brought this action of assumpsit to recover for the amount alleged to be due, upon an oral contract, under the covenants of which the plaintiff was to embroider certain dress patterns, the property of the defendant, in a manner similar to a pattern furnished, at a stipulated price. The defendant in his answer admitted that the work had been done upon a number of the patterns in the manner by the contract provided, but alleged that the work upon a large part of the patterns had been done in such a manner as to seriously impair the value of the goods furnished by defendant; that the damage to the goods of defendant resulting from the improper manner in which the work was done exceeded the compensation to which the plaintiffs were entitled under the contract, and defendant averred a right to

judgment in his favor for the amount of such excess. The trial resulted in a verdict in favor of the defendant, in an amount a little less than he had averred himself entitled to in his answer, and from that judgment plaintiff appeals.

The first specification alleges that the court erred in overruling an objection to a question by counsel for the defendant addressed to a witness called by him. The question merely asked the witness to state what knowledge he had regarding the seventy-two dresses involved in the case. The real issue involved in this case was whether the work done by plaintiffs upon the goods in question owned by the defendant had been done in the manner required by the sample furnished. There was nothing in the question addressed to the witness which indicated that it was an attempt to have him state anything which was not founded upon his personal knowledge. The question was entirely unobjectionable. If the answer of the witness was not responsive to the question, the remedy of the plaintiffs was to move to strike out the answer. The first specification of error is without merit.

The defendant having been examined as a witness in his own behalf and cross-examined by plaintiffs was dismissed from the stand. It subsequently developed that his counsel desired to interrogate him on a matter to which his previous testimony did not refer, to which counsel for plaintiffs objected. It was entirely proper for the court to permit the defendant to be recalled, in order that he might testify that the identical dress patterns involved had been sent to Frank and Seder and by them rejected on account of the embroidery, it having been clearly established that the work had not been done in the manner required by the sample furnished. The second specification of error is overruled. The third specification violates the rules of this court, in that it refers to two distinct rulings of the court made during the examination of different witnesses, and is dismissed.

The defendant did not except to the charge of the court and the several assignments of error which refer to it cannot be considered. There was an exception to the refusal by the court to affirm plaintiffs' point that "Under all the evidence the verdict must be for the plaintiffs." This point was properly refused. The evidence was entirely sufficient to warrant a finding that plaintiffs had not done the work in the manner required by the contract and that as a consequence the goods of the defendant were damaged to an amount in excess of what the plaintiffs would have been entitled to receive if they had done the work in the proper manner.

The judgment is affirmed.